IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEROY HAMLETT AND MARSHA HAMLETT, <br><br> Plaintiff, <br><br> v. <br><br> CARROLL FULMER LOGISTICS CORPORATION, STEVEN GEORGE SWARTZ AND PROTECTIVE INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION <br> FILE NO.:  4:15-cv-00001-LGW-GRS |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE CERTAIN PORTIONS OF JEFFREY ALAN KIDD'S TESTIMONY

Pursuant to F.R.C.P., Rules 26(a)(2) and 37(c), Defendants file this Memorandum of Law in Support of Defendants' Motion to Exclude Certain Portions of Jeffrey Alan Kidd's ("Kidd") Testimony and show the Court the following.

### I. STATEMENT OF FACTS.

The accident occurred at the intersection of Georgia Highway 144 ("Ga. 144) and Louis C. Gill Boulevard on June 17, 2014. (Doc. 1-1; Doc. 7). Defendant Steven George Swartz ("Swartz"), a truck driver for Defendant Carroll

Fulmer, attempted to make a left turn from the westbound left turn lane of Ga. 144 onto Louis C Gill Boulevard.  (Doc. 1-1, ¶ 12; Doc. 7, ¶ 12).  Leroy Hamlett ("Plaintiff") was riding a motorcycle in the right eastbound lane of Ga. 144.  (Doc. 1-1, ¶ 11; Doc. 7, ¶ 11).

### A. Plaintiff's disclosure of Kidd.

The last day for Plaintiffs to serve any expert witness report was July 23, 2015.  [Doc. 31].  The last date for Defendants to serve any expert witness report was August 25, 2015.  [Doc. 31].  Discovery in this case closed October 15, 2015.  [Doc. 31].

Plaintiff retained Kidd to give testimony as an accident reconstructionist in this case.  Plaintiff filed Kidd's Rule 26 disclosures on July 22, 2015, the day before the above-Plaintiffs' deadline.  Exhibit 1 and [Doc. 25].  The disclosures contained Kidd's written and signed report dated July 21, 2015, prepared two days before the above-Plaintiffs' deadline (3 pages), Kidd's Curriculum Vitae (8 pages), Kidd's fee schedule (1 pages), and Kidd's list of testimony (5 pages).  On July 23, 2015, Plaintiff filed his Supplemental Discovery Responses formally identifying Kidd as a testifying expert witness.  Exhibit 2.

**B. Kidd's Rule 26 written report in Exhibit 1.**

In Kidd's written report dated July 21, 2015, Kidd identified numerous documents he reviewed and was provided for his investigation. <u>Exhibit 1</u>, Section II. In Section III, Kidd identified the following information completed by him and Collision Specialists, Inc. during its investigation:

- A. On October 30, 2014, Collision Specialists, Inc. photographed, videoed, and forensically mapped the subject collision scene;
- B. On October 30, 2014, Collision Specialists, Inc. inspected, photographed and scanned the subject 2012 Honda CBR1000R;
- C. Reviewed Auto Stats;
- D. Reviewed Georgia Title 40;
- E. Reviewed Federal Motor Carrier Safety Regulation;
- F. Reviewed North American Standard OOS Criteria;
- G. Reviewed Florida Commercial Operator's Manual;
- H. Completed scaled diagrams.

Kidd gave three opinions in section IV of his written report are as follows:

- A. Driver Steven G. Swartz, operating a 2010 Mack tractor-trailer, owned by Carroll Fulmer Logistics, failed to keep a proper lookout;

B. Driver Steven G. Swartz, operating a 2010 Mack tractor-trailer, owned by Carroll Fulmer Logistics, failed to yield while turning left. Mr. Steven G. Swartz turned into the path of a 2012 Honda CBR 1000R operated by Mr. Leroy T. Hamlett, and is the sole cause of this collision;

C. Driver Steven G. Swartz, operating a 2010 Mack tractor-trailer, owned by Carroll Fulmer Logistics, failed to complete his record of duty status as required under the Federal Motor Carrier Safety Regulations.

### C. Kidd's deposition taken September 3, 2015 revealed additional work and information not disclosed by the July 23 deadline.

Subsequent to Plaintiff's identification of Kidd, Defendants took Kidd's deposition on September 3, 2015, two and one-half months after his disclosure. See deposition of Jeffrey Alan Kidd attached as Exhibit 3.

Nowhere in Kidd's disclosures did he reference, describe or produce any calculations performed regarding this accident. Yet in response to the very first substantive question asked of Kidd regarding this very topic, Kidd stated "I've done some timing calculations for movement of the tractor-trailer taking into account several assumptions. I calculated the impact speed of the motorcycle. I

had the, in essence, an impact speed, which I will testify will be high impact speed for the tractor-trailer. And then I have a time to decelerate for the motorcycle. So, in essence, I have four calculations." (Kidd deposition, page 4, line 22 through page 5, line 7).

When asked when he did these calculations, Kidd responded "Hard copies, they were printed PDF, on yesterday [September 2, 2015]." (Kidd deposition, page 7, lines 8 through 11). Further into Kidd's deposition, he testified his scale diagram was finalized sometime during the week of September 3, 2015. (Kidd deposition, page 49, line 22 through page 50, line 9). Lastly, Kidd identified a DVD with a CAD folder alleged to contain these calculations. (Kidd deposition, page 72, line 18 through page 73, line 4).

## II. LEGAL ARGUMENT.

### A. Standards for Expert Witness Disclosures.

Rule 26(a)(2) governs the disclosure of testifying expert witnesses for all parties. Subsection (B) sets forth the requirements for expert witnesses who must provide a written report. The requirements are as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the

witness – if the witness is one retained or specially employed to provide expert testimony[.] … The report must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the facts or data considered by the witness in forming them;

    (iii)    any exhibits that will be used to summarize or support them;

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Subsection (D) requires the parties "to make these disclosures at the times and in the sequence that the court orders."

If a party fails to comply with Rule 26 above, that party may be subject to sanctions under Rule 37(c)(1) which states the following:

If a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable attorney's expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

**B. Kidd's failure to complete his work by the Court's deadline subjects the additional work and his opinions to be excluded.**

"The Eleventh Circuit has made clear that the disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefore." Davis v. Kawasaki

Motors Corp. U.S.A., 2013 U.S. Dist. LEXIS 137507, *6 (S.D. Ga. September 25, 2013) (citing Reese v. Herbert, 527 F.3d 1253 [11th Cir. 2008]) (Quotations omitted.).  "The committee notes with respect to this requirement make clear that its intended purpose is to avoid the then common practice of providing 'sketchy and vague' information concerning expert witnesses that was often 'of little help in preparing for a deposition of the witness.'" Davis, at *6-7.

"An expert report is adequate when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Goodbys Creek, LLC v. Arch Ins. Co., 2009 U.S. Dist. LEXIS 40885, *4 (M.D. Fla. April 27, 2009) (Citations and quotations omitted.).  "[T]he first requirement of [Rule 26] is designed to elicit both 'how and why the expert reached the conclusions and opinions to be expressed.'" Goodbys Creek, LLC, at *4-5 (quoting Reed v. Binder, 165 F.R.D. 424, 428, n. 5 [D.N.J. 1996]).

"While Rule 26(e) does permit supplementation of expert disclosures, that provision does not operate to justify the expert's earlier inadequate or incomplete preparation." Davis, *supra* at *7 (citing Akeva LLC v. Mizuno Corp., 212 F.R.D. 306, 310 [M.D.N.C. 2002]).  See Goodbys Creek, LLC, *supra* at *5, fn. 2 ("Additionally, instead of supplying 'any exhibits, that will be used to summarize

or support' his opinions, Rule 26(a)(2)(B)(iii), the expert states '[e]xhibits to be used to summarize and support [his] opinions have not yet been compiled or created.'"). "The purpose of expert reports and a deadline for serving them is to put an opposing party on notice of what it must contend with at trial. … Rule 26(e) is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigation strategy." Goshwak Dedicated, LTD v. Am. Viatical Servs., LLC, 2013 U.S. Dist. LEXIS 14454, *11-12 (N.D. Ga. February 4, 2013 (Citations and quotations omitted.).

In Cochran v. Brinkmann Corp., 2009 U.S. Dist. LEXIS 114895 (N.D. Ga. December 9, 2009), Plaintiffs' expert witness reports were due by December 5, 2008. Defendants were to depose all of Plaintiffs' experts by December 31, 2008 and were to serve their expert witness reports by January 5, 2009. Id. at *4. On December 5, 2008, Plaintiffs identified expert Harry Edmondson and produced his expert report which he completed on December 4, 2008. Id. at 6. During Edmonson's deposition on December 19, 2008, Edmonson had, for the first time, conducted physical testing of the subject product on December 17, 2008. The testing was not included in the December 4, 2008 report nor indication testing was to be completed. Id. at *7. Edmonson also produced video and photographs of the testing which also had not been identified or produced previously. Id. at *7-8.

Edmonson went on to later conduct additional testing because the initial testing did not achieve the results desired by the Plaintiffs.  Id. at *8.

Defendants moved to strike the additional testing and supplemental report done after the deadline for Plaintiffs to disclose their expert witnesses.  The District Court granted the motion.  Citing Rule 26 above, the Court held "Plaintiffs undeniably failed to comply with these requirements by adding opinions and exhibits, based on new testing unforecasted to Defendant and which was undertaken weeks and months after the December 5, 2008 deadline for Edmonson's expert report. … Rule 26 does not permit a party to circumvent the deadlines imposed by the Court."  Id. at *18-20.

Kidd's written opinions are simple and in large part devoid of substance or description as required by Rule 26.  What is completely missing from the written report is any reference to any calculations performed by Kidd.  That is because the calculations were performed shortly before, if not the day before, the deposition.  These were not produced to Defendant with the written report.  Additionally, the reference to "completed scaled diagrams" (Section III.H of Kidd's written report) was inaccurate as Kidd testified the diagrams were not "finalized" until the week before the deposition.  These too were not produced with the written report.  "A preliminary report, therefore, is precisely what Rule 26 was designed to combat

and surely fails to meet the requirements imposed by that rule" <u>Davis v. Kawasaki Motors Corp., USA</u>, 2013 U.S. Dist. LEXIS 137507, *7 (S.D. Ga. September 25, 2013).

It is impossible to determine the specifics of Kidd's testimony which was in whole or in part supported by these calculations and diagrams. Therefore, Defendants move to exclude evidence of his calculations and diagrams, any testimony based in whole or in part on his calculations and diagrams, and all testimony given by Kidd related to his Opinions A and B in his written report which are as follows:

A.  Driver Steven G. Swartz, operating a 2010 Mack tractor-trailer, owned by Carroll Fulmer Logistics, failed to keep a proper lookout; and

B.  Driver Steven G. Swartz, operating a 2010 Mack tractor-trailer, owned by Carroll Fulmer Logistics, failed to yield while turning left. Mr. Steven G. Swartz turned into the path of a 2012 Honda CBR 1000R operated by Mr. Leroy T. Hamlett, and is the sole cause of this collision.

## III. <u>CONCLUSION.</u>

WHEREFORE, Defendants respectfully requests this Court grant their motion to exclude certain portions of Jeffrey Alan Kidd's testimony.

s/<u>JOHN D. DIXON</u>
Georgia Bar No. 223376
s/<u>BRENT M. ESTES</u>
Georgia Bar No. 250605
For the Firm
Attorneys for Defendant
DENNIS, CORRY, PORTER & SMITH, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:(404) 365-0102
Facsimile:(404) 365-0134
Email:     JDixon@dcplaw.com
           BEstes@dcplaw.com

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE CERTAIN PORTIONS OF JEFFREY ALAN KIDD'S TESTIMONY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Peter A. Law, Esq.
>Edward A. Piasta, Esq.
>Law & Moran Attorneys at Law
>563 Spring Street, N.W.
>Atlanta, GA  30308
>*Attorney for Plaintiff*
>
>Michael Hostilo, Esq.
>Law Office of Michael Hostilo
>114 Canal Street, #201
>Pooler, GA  31322
>*Attorney for Plaintiff*
>
>Michael L. Wetzel, Esq.
>Law Office of Michael L. Wetzel
>Manger Building, Suite 402D
>7 East Congress Street
>Savannah, GA  31401
>*Attorney for GEICO*

This 16th day of November, 2015.

>/s/   JOHN D. DIXON
>For the Firm

Doc 421 / 2402-12173 (JDD)